IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN VANLOAN** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-5536 |
| | : | |
| **NATION OF ISLAM**, *et al.* | : | |
|     Defendants. | : | |

## MEMORANDUM OPINION

Jonathan VanLoan, proceeding *pro se*, has filed yet another nearly identical Complaint in this Court seeking to assert federal civil rights and state law claims against the Nation of Islam and a slew of other individuals, municipalities, and entities alleging a vast conspiracy to do him harm. While VanLoan has not paid the filing fee or moved to proceed *in forma pauperis*, because his claims have been previously adjudicated and dismissed as either frivolous or for failure to state a claim upon which relief may be granted, *see, e.g.*, *VanLoan v. Nation of Islam*, Civ. A. No. 20-6112, 2021 WL 3630481 (E.D. Pa. Aug. 16, 2021), his new Complaint must be deemed to be malicious and will be dismissed on that basis pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.      BACKGROUND**

VanLoan has repeatedly filed nearly identical claims against the named Defendants in this Court as well as courts in California and Arizona.[1]  In a prior case filed in this Court, VanLoan paid the filing fee and his Complaint was served on numerous named Defendants who

---

[1] *See, e.g.*, *VanLoan v. Nation of Islam*, 2021 WL 3630481 (E.D. Pa. Aug. 16, 2021); *VanLoan v. Nation of Islam*, 2020 WL 4004814, at *1 (C.D. Cal. May 7, 2020), *report and recommendation adopted sub nom. VanLoan v. Islam*, 2021 WL 863751 (C.D. Cal. Mar. 4, 2021) (dismissing Plaintiff VanLoan's complaint as frivolous); *VanLoan v. Nation of Islam*, 2018 WL 6332517, at *1 (D. Ariz. Aug. 20, 2018), *aff'd mem.*, 787 F. App'x 452 (9th Cir. 2019) (dismissing Plaintiff VanLoan's Complaint *sua sponte* for lack of jurisdiction).  Additionally, VanLoan commenced a civil action against the Nation of Islam and other defendants based on similar circumstances alleged to have occurred in Chester County, Pennsylvania.  *See VanLoan v. National of Islam*, 21-cv-2559-WB (E.D. Pa. June 1, 2021).  This matter was voluntarily dismissed by VanLoan on August 26, 2021.  *See* Notice of Voluntary Dismissal, *VanLoan v. National of Islam*, 21-cv-2559-WB (E.D. Pa. Aug. 26, 2021), ECF No. 22.

then moved to dismiss the case. *See* Motions to Dismiss, *VanLoan v. Nation of Islam*, 20-cv-6112-WB (E.D. Pa. April 30, 2021, May 28, 2021), ECF Nos. 41, 42, 55. In addressing those Motions, this Court held,

> The gravamen of Plaintiff's claim is that the Nation of Islam and a host of unrelated Defendants have hunted him across the United States for seven years, all because he used a racial slur in a single text message. The Complaint offers no factual basis for his obviously fantastical conspiracy theory. As alleged in the Complaint, VanLoan's suspicion that unnamed persons he encountered or interacted with were attempting to murder him is based primarily on their race or ethnicity. Nor does VanLoan allege facts indicating that there is any connection between the Nation of Islam and the other Defendants. Because Plaintiff's allegations are "wholly insubstantial and frivolous," his Section 1983 claim must be dismissed for lack of subject matter jurisdiction.

*VanLoan*, 2021 WL 3630481, at *2. This Court additional held,

> Plaintiff's state law claims must be dismissed under Rule 12(b)(6) for failure to state a claim. The Complaint offers insufficient factual support for its claims that the Providence Health & Services, Fountain Valley, or Santa Ana Defendants are liable in tort under California law for their participation in the purported conspiracy. The Complaint instead premises its tort claims on VanLoan's suspicions that persons he encountered during the various incidents recounted in the Complaint were operatives of the Nation of Islam who intended to murder him, and his unsupported speculation that officers and employees of Providence Health & Services, Inc., the City of Fountain Valley, and the City of Santa Ana were co-conspirators in the violent plot. "Even on a motion to dismiss, we are not required to credit mere speculation." *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 542 (3d Cir. 2012) (citation omitted). Because VanLoan's state law claims are supported only with unwarranted inferences and speculation, not with factual allegations sufficient to support the "reasonable inference that the defendant[s are] liable for the misconduct alleged," his state law claims must be dismissed for failure to state a claim upon which relief can be granted.

*Id.* (citation omitted).

## II.   STANDARD OF REVIEW

Until recently, this Court would have been precluded from addressing a *pro se* plaintiff's pleadings unless and until the plaintiff either paid the filing fee or was granted leave to proceed *in forma pauperis*. *See, e.g.*, *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 458, 458 n.13 (3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or

following a determination that the litigant is entitled to proceed *in forma pauperis*); *Francis v. State of N.J. Off. of L. Guardian*, 289 Fed. App'x 472, 474 (3d Cir. 2008) (*per curiam*) (explaining that district court erred in addressing complaint before the plaintiff's motion to proceed i*n forma pauperis* was granted because the "complaint was not yet subject to dismissal").  In *Brown v. Sage*, the United States Court of Appeals for the Third Circuit announced a new "flexible approach" which permits courts to screen complaints filed by *pro se* litigants pursuant to 28 U.S.C. § 1915, even if no fee has yet been paid and no request to proceed *in forma pauperis* has yet been filed.  941 F.3d 655, 660 (3d Cir. 2019) (*en banc*) ("[W]e hold that a court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously.").  This approach "permits courts to move early to screen complaints in order to conserve judicial resources and 'the resources of defendants forced to respond to baseless lawsuits.'"  *Id.* (quoting *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012)).

Section 1915(e)(2)(B)(i) requires the Court to dismiss VanLoan's Complaint if it is, *inter alia*, malicious.  28 U.S.C. § 1915(e)(2)(B)(i).  "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995).  In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981)).

Separately, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog and Pollution,*

*Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). Although generally the merits of a "cause of action does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation omitted)(emphasis in original), "[t]he Supreme Court has authorized courts to dismiss under Rule 12(b)(1) for lack of [subject matter] jurisdiction due to merits-related defects in . . . narrow categories of cases," *Davis v. Wells Fargo*, 824 F.3d 333, 349-50 (3d Cir. 2016). Specifically, "federal courts are without power to entertain claims otherwise in their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (internal quotations and citations omitted).

As VanLoan is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

For the reasons set forth in the Court's prior opinion dismissing VanLoan's earlier attempt to raise his claims in this District, *see VanLoan*, 2021 WL 3630481, this case is also subject to dismissal. VanLoan's federal civil rights claims are both malicious as they have been previously adjudicated and dismissed, and as a matter of substance are "wholly insubstantial and frivolous." *VanLoan*, 2021 WL 3630481, at *2. Likewise, his state law claims are both malicious and, for the reasons quoted above, fail to state a claim upon which relief can be granted. *VanLoan*, 2021 WL 3630481, at *2. VanLoan's repeated filing of duplicative cases is plainly abusive of the judicial process. VanLoan is warned that if he files further cases raising claims that have been finally adjudicated, this Court may impose filing restrictions upon him.

An appropriate Order follows.

BY THE COURT:


/S/WENDY BEETLESTONE, J.

_____
**WENDY BEETLESTONE, J.**